IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-01058-DDD-SKC

MATTHEW JAMES DURY,

   Plaintiff,

v.

JENNIFER SEROSKI, PA,

   Defendant.

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS, GRANTING SUMMARY JUDGMENT, AND DISMISSING CASE**

This case has narrowed to a single claim for damages brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that Defendant gave him ranitidine while he was in a federal prison, causing him to develop cancer, and that Defendant failed to treat his cancer. Defendant has moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing this suit, and, pursuant to a referral order on that motion, Magistrate Judge S. Kato Crews has recommended granting that motion and dismissing this case. The Court agrees.

**PROCEDURAL HISTORY**

Plaintiff brought this *Bivens* suit against Warden B. True and Ms. Jennifer Seroski, PA on April 13, 2020. (Doc. 1.) In his amended complaint, Mr. Dury sought $500,000, remand to the International Criminal Court, and revocation of his United States citizenship so that he may apply for asylum in the Netherlands. (Doc. 6 at p. 6.) The Court

- 1 -

ultimately dismissed Mr. Dury's claims against Warden True and Mr. Dury's claims regarding transfer to the International Criminal Court. (Doc. 21 at p. 2.) The only remaining claim in this case is Mr. Dury's Eighth Amendment claim for money damages against Ms. Seroski in her individual capacity for her alleged improper treatment of, or failure to treat, Mr. Dury's bladder tumor. (*Id.* at pp. 2–3.) He alleges that she prescribed him ranitidine which caused him to develop cancer and alleges that she failed to treat his cancer once it developed. (*See id.*) The Court has denied multiple requests by Mr. Dury for injunctive relief because the only remaining claim is a *Bivens* claim for damages, because he has failed to demonstrate irreparable harm, and because he has sought relief against non-parties to this suit. (Docs. 17, 38.)

Several motions and issues are before the Court, most of which have been referred to Magistrate Judge S. Kato Crews:

- Mr. Dury's "Motion for Court Order" (Doc. 35) (referred to Judge Crews);

- Ms. Seroski's Motion to Dismiss (Doc. 43) (referred to Judge Crews);

- Ms. Seroski's Motion for Summary Judgment for Failure to Exhaust (Doc. 44) (referred to Judge Crews);

- Mr. Dury's Motion to Reinstate Warden B. True (Doc. 50) (referred to Judge Crews);

- Mr. Dury's Objections (Doc. 68) to Judge Crews's Order (Doc. 63) denying Mr. Dury's motion to strike Ms. Seroski's dispositive motions as untimely (Doc. 49), motion to remove U.S. Attorney Jason R. Dunn as attorney of record (Doc. 63), and motion to strike Ms. Seroski's reply to her dispositive motions (Doc. 57); and

- Mr. Dury's Motion for Injunction (Doc. 66) (not referred to Judge Crews).

Judge Crews has recommended (Doc. 62) denying Mr. Dury's Motion for Order, granting Ms. Seroski's motion for summary judgment (Doc. 64), and denying Ms. Seroski's motion to dismiss as moot (Doc. 64). Mr. Dury timely objected to Judge Crews's recommendation to grant the motion for summary judgment (Doc. 65) and appealed Judge Crews's order denying several of his earlier motions (Doc. 68).

## LEGAL STANDARD

In the absence of a timely objection, the court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)). Objections generally must be filed within fourteen days of entry of the magistrate judge's recommendation. Fed. R. Civ. P. 72(b). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). If a timely and sufficiently specific objection has been filed as to a recommendation on a dispositive issue, the Court must resolve that objection under a de novo review. *Id.* at 1059.; Fed. R. Civ. P. 72(b)(3)

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But the court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

## DISCUSSION

### I. Exhaustion

Ms. Seroski seeks summary judgment on the grounds that Mr. Dury failed to exhaust administrative remedies prior to filing this action in violation of the Prison Litigation Reform Act. In support of her motion, she filed an affidavit authored by a government paralegal specialist and various administrative records detailing Mr. Dury's administrative grievances and appeals. (Doc. 44-1.) Mr. Dury appears not to dispute any of the facts in those documents; instead, he primarily argues that a transfer between prisons rendered him unable to complete the administrative grievance process.

Under the Bureau of Prison's four-step Administrative Remedy Program for prisoner grievances, a prisoner must first seek informal resolution, followed by a formal request to the correctional facility's warden, then a regional appeal, and, finally, a national appeal. *See* 28 C.F.R. § 542.10, *et seq*. At any level, an official's failure to respond within the time allotted constitutes a denial of the request or appeal. 28 C.F.R. § 542.18. An administrative remedy is not fully exhausted until the inmate has properly and timely sought review at each level. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). While Ms. Seroski bears the burden of proving this affirmative defense, once she has, the burden shifts to Mr. Dury to prove that remedies were unavailable as a result of intimidation. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

As Judge Crews found, the unrebutted evidence in Ms. Seroski's exhibits shows that Mr. Dury failed to exhaust this administrative process with a completed, national-level appeal. In response, Mr. Dury argues, both in the original briefing and again in his objections, that a prison transfer completed after he made a regional-level appeal either

exhausted his grievances or left him with no further remedies to exhaust because he could no longer timely file a national-level appeal. But Judge Crews addressed this issue thoroughly in his recommendation. If Mr. Dury's transfer precluded him from continuing the administrative process on time, he could have filed for an extension, yet he has provided no evidence that he did so. *See Feuer v. McCollum*, 139 F. App'x 928, 931 (10th Cir. 2005) (inmate failed to exhaust when he did not seek an extension, as authorized by 28 C.F.R. § 542.15(a)); 28 C.F.R. § 542.14(b) (stating that "extended period in-transit" may constitute valid reason for seeking an extension); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available."). So Mr. Dury's objection on this point is unpersuasive, and the Court will overrule it.

As to the reinstatement of Warden B. True, Mr. Dury has failed to present evidence that ranitidine was provided to him after any FDA recall or ban. Nor has Mr. Dury addressed how he would plead (if given the opportunity) a claim against a defendant-supervisor for such a violative policy. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). Because he cannot plead the requisite state of mind element, let alone plead that there was such a violative policy in the first place, amendment would be futile. His objections as to leave to amend, therefore, are overruled as well.

Mr. Dury's remaining objections to the recommendation are only tangentially relevant or non-specific. For instance, Mr. Dury reiterates his claim that Ms. Seroski's motions were late, but they were not: the Court set a December 31, 2020 deadline for the motions, and Ms. Seroski filed them on December 30. (Docs. 42, 43, 44.) Nor is Mr. Dury's objections concerning Ms. Seroski's counsel persuasive: Ms. Seroski sought

representation counsel as a former employee or contractor for the federal government, and Mr. Dury has cited no authority for the proposition that such representation was improper or unlawful, or that Mr. Dury has standing to object to Ms. Seroski's representation. Mr. Dury's repeated allegations that Judge Crews violated federal or international law are baseless and irrelevant to resolving the claims Mr. Dury has brought, so those objections are overruled as well.

Because Judge Crews's reports and recommendation correctly applied the law to the unrebutted facts of this case, the Court will accept and adopt that recommendation and grant Ms. Seroski's motion for summary judgment. Because that motion resolves the sole claim left in this case, Ms. Seroski's limited objections that only applied if the Court had rejected the recommendation are moot, as is her motion to dismiss.

## II.  Remaining Issues

Judge Crews also authored a recommendation denying Mr. Dury's "Motion for Order" which appears to have been a request for discovery concerning encumbrances made on his prisoner trust account. (Doc. 62.) Mr. Dury did not timely object to this recommendation.

The Court has reviewed this unobjected-to recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Based on that review, the Court has concluded that the recommendation is a correct application of the facts and the law. Mr. Dury has not shown why such a request would be relevant to the only *Bivens* claim remaining in this case. And if this request could be construed as a motion for injunctive relief, that relief is not appropriate for this *Bivens* claim as explained in multiple prior Court orders. (Docs. 17, 38.)

Finally, to the extent Mr. Dury's latest Motion for Injunction is not moot, the Court denies it. As explained in prior orders, Mr. Dury has not shown why injunctive relief would be appropriate in this action where the only remaining claim is for damages pursuant to *Bivens*. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–32 (10th Cir. 2005). He also has not shown a likelihood of success as to that claim: indeed, that claim has failed for the reasons stated above. An injunction ordering a bladder test, therefore, is inappropriate, and the Court will deny that request.

## CONCLUSION

Both of Judge Crews's Reports and Recommendations (Docs. 62 and 64) are ACCEPTED and ADOPTED. Ms. Seroski's Motion for Summary Judgment (Doc. 44) is GRANTED, Mr. Dury's Motion to Reinstate Warden B. True (Doc. 50) is DENIED, and Mr. Dury's Motion for Court Order (Doc. 35) is DENIED. Ms. Seroski's Motion to Dismiss (Doc. 43) is DENIED AS MOOT.

Mr. Dury's Objections (Doc. 68) to Judge Crews's Order (Doc. 63) are OVERRULED. Ms. Seroski's Objections (Doc. 67) to Judge Crews's Report and Recommendation are OVERRULED AS MOOT. Mr. Dury's Motion for Injunction (Doc. 66) is DENIED. The Clerk of Court is directed to enter judgment in favor of Ms. Seroski.

DATED: August 9, 2021              BY THE COURT:

Hon. Daniel D. Domenico